UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| ARLUS DAVID WADE MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:23-cv-00237-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DOUG CRICKMER, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

*** *** *** ***

Arlus David Wade Morgan is currently incarcerated at the Larue County Detention Center in Hodgenville, Kentucky. Proceeding without a lawyer, Morgan filed a civil rights complaint with the United States District Court for the Western District of Kentucky. [R. 1.] The Western District then transferred Morgan's case to this Court. [*See* R. 5.] This Court then granted Morgan's request for pauper status, and, thus, his pleading is now before the Court on initial screening pursuant to 28 U.S.C. § 1915(e)(2).

A grand jury recently indicted Morgan in state court, charging him with multiple drug crimes, being a felon in possession of a firearm, and identity theft. *See Commonwealth v. Arlus Morgan*, No. 23-CR-00186 (Scott Circuit Court 2023).[1] Morgan is now a pretrial detainee, and, according to the publicly available docket sheet in his case, he is being represented by a public defender named Doug Crickmer, and his case is set for a status hearing in October 2023. *See id.*

Although Morgan's state criminal case remains ongoing, he went ahead and filed this civil rights action in federal court. [R. 1.] Morgan is suing his public defender in that person's official and individual capacities. [*Id.* at 3.] While Morgan's complaint is difficult to follow, he

---

[1] This Court takes judicial notice of Morgan's state criminal case, which remains ongoing in the circuit court in Scott County, Kentucky. It appears that Morgan's present civil rights action relates to this specific state criminal case; after all, in Morgan's complaint, he references "July 6th" as the date that he "was unfairly indict[ed]" [*see* R. 1 at 6], and that is the date he was indicted in Scott County in case number 23-CR-00186.

clearly objects to the legal representation he is receiving in state court. [*See id.* at 5-6.] Among other things, Morgan alleges that his public defender "violated my right to fair representation by lying to me and not filing the correct paperwork in my case" and failed to "do his duties for me which resulted in an indictment in state court." [*Id.* at 5.] Morgan also suggests that he fired his public defender and plans on pursuing an ineffective assistance of counsel claim [*see id.* at 5-6], though the publicly available docket sheet in his criminal case indicates that the same public defender remains Morgan's counsel of record. *See Morgan*, No. 23-CR-00186. Ultimately, in this action, Morgan says that he is seeking $20,000 in damages, money to pay "the medical bill where I had to see psyh. [sic] doctor," and an order "throwing out said court cases." [R. 1 at 7.]

The Court has fully reviewed Morgan's complaint but will dismiss his claims. As an initial matter, since Morgan is suing his public defender in that person's official capacity, it appears that he is trying to proceed against the Kentucky Department of Public Advocacy based upon his dissatisfaction with his public defender's performance. However, the Eleventh Amendment to the United States Constitution bars suits against a state and its agencies, *see Brent v. Wayne Co. Dept. of Human Servs.*, 901 F.3d 656, 681 (6th Cir. 2018), and the Kentucky Department of Public Advocacy is a state agency for Eleventh Amendment purposes. *See Couch v. Commonwealth of Kentucky Dept. of Public Advocacy*, No. 6:23-cv-066-KKC, at R. 11 (E.D. Ky. June 23, 2023). Thus, the Court will dismiss Morgan's claims against his public defender in that person's official capacity.

Morgan's claims against his public defender in that person's individual capacity are also unavailing. That is because, for purposes of liability under 42 U.S.C. § 1983, public defenders "do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding." *Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)); *see also Springfield v.*

2

*Kentucky*, No. 4:12CV-P22-M, 2012 WL 2571162, at *3 (W.D. Ky. July 2, 2012) ("The Department of Public Advocacy is an independent agency of state government, *see* Ky. Rev. Stat. Ann. § 31.010, and it is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983."). Here, at bottom, Morgan is complaining about his public defender's conduct—such as the filing of paperwork in court—while that person is functioning as his counsel in his ongoing criminal proceeding. [*See* R. 1 at 5-6.] Thus, Morgan has failed to state a cognizable § 1983 claim.

Finally, it is again worth noting that Morgan's criminal case remains ongoing in state court, and the publicly available docket sheet in that matter indicates that the same public defender remains Morgan's counsel of record. *See Morgan*, No. 23-CR-00186. While the Court will dismiss this civil rights action for the reasons stated above, nothing in this Order prevents Morgan from raising his concerns regarding his counsel directly with the state court overseeing his criminal case. *See Hall v. Wetzel*, No. 2:20-cv-1501, 2020 WL 4732975, at *3-*5 (S.D. Ohio Aug. 14, 2020) (explaining that the *pro se* plaintiff's claims against his public defender failed to state a claim under § 1983 because the public defender was not acting under color of state law while also adding that the "state court is where Plaintiff must seek his remedy," consistent with *Younger v. Harris*, 401 U.S. 37 (1971))).

Accordingly, it is **ORDERED** that:

1. Morgan's civil rights complaint [R. 1] is **DISMISSED** on initial screening pursuant to 28 U.S.C. § 1915(e)(2).

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This the 31st day of August, 2023.

Gregory F. Van Tatenhove
United States District Judge